UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN E. MONTGOMERY,<br><br>         Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>         Defendant. | Case No.: 16cv1735-JLS (PCL)<br><br>**ORDER GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>(ECF No. 2) |

  Presently before the Court is Plaintiff Sean E. Montgomery's Motion to Proceed *In Forma Pauperis* ("IFP"). (IFP Mot., ECF No. 2.) Plaintiff, a prisoner in Wasco State prison proceeding pro se, has timely filed an action requesting that this Court review the Social Security Administration ("SSA")'s denial of benefits. (Compl. at 4, ECF No. 1.) Plaintiff argues that the SSA's denial decision was not supported by substantial evidence.

**IFP MOTION**

  All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

///

///

///

1

16cv1735-JLS (PCL)

$400.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the plaintiff is a prisoner and he is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in "increments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act (PLRA), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater.  *See* 28 U.S.C. § 1915(b)(1); *Taylor*, 281 F.3d at 850.  If the prisoner has no assets at the time of filing then the initial payment is waived until sufficient "funds exist."  *Taylor*, 281 F.3d at 850.  The institution having custody of the prisoner then further collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2.  *Andrews*, 398 F.3d at 1119.  These statements show that Plaintiff currently has $0 in his account and

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

$0 in securities, but during the past six months had an average monthly balance of $23.55 and an average monthly deposit of $16.67.  (IFP Mot. at 4.)  Accordingly, the Court assesses an initial partial filing fee of $4.71, payment of which is deferred until sufficient funds exist.  The Court further directs the Secretary of the California Department of Corrections and Rehabilitation (CDCR), or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program."  *See* 28 U.S.C. §§ 1915(e)(2), (h).  Under these provisions of the PLRA, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).  "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense."  *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief."

*Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). In addition, the Court must liberally construe a pro se litigant's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 521–22 (1972).

In the present case, although Plaintiff's complaint is entitled "Complaint Under the Civil Rights Act 42 U.S.C. § 1983" and invokes jurisdiction "pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983," it is clear that Plaintiff seeks review of his SSA benefits denial. (*See, e.g.,* Compl. at 5 (noting in "Request for Relief" that "Plaintiff is asking . . . that the Court review his claim for Disability Benefits"); *id.* at 4 (labeling Count 1 as "Deprivation of Social Security Disability Benefits Payments" and noting in supporting facts that "[t]he decision of Carolyn W. Colvin . . . is not supported by substantial evidence")). Accordingly, and because Plaintiff's complaint was timely filed, the Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g) & 1383(c). Further, Plaintiff asserts that he cannot keep a job due to various psychological diagnoses and medicines, and severe nerve damage in his right hand. (*Id.* at 4.) Plaintiff has also attached supporting documentation in the form of several SSA notice letters and internal prison documents such as Plaintiff's medical classification stating that Plaintiff is "[u]nable to work using [his] right hand." (*Id.* at 7–14.)

Taking the above information in the light most favorable to this pro se Plaintiff, the Court concludes that Plaintiff has pleaded sufficient factual information to allege a plausible claim to relief. Plaintiff is therefore entitled to U.S. Marshal service on his behalf. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is

authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## CONCLUSION

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Motion pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **GRANTED**.

2. The Clerk is **DIRECTED** to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the named Defendant. In addition, the Clerk is **DIRECTED** to provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint (ECF No. 1) and the summons so that he may serve the named Defendant. Upon receipt of this "IFP Package," Plaintiff is **DIRECTED** to complete the Form 285 as completely and accurately as possible, and to return it to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying the IFP package.

3. Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the Complaint and summons upon the named Defendant as directed by Plaintiff on the USM Form 285. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. Defendant is thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g) (noting that once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

5. Plaintiff **SHALL SERVE** upon the Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other

5

16cv1735-JLS (PCL)

Case 3:16-cv-01735-JLS-PCL   Document 7   Filed 10/03/16   PageID.54   Page 6 of 6

1 document submitted for consideration by the Court. Plaintiff must include with the original
2 paper to be filed with the Clerk, a certificate stating the manner in which a true and correct
3 copy of the document was served on the Defendant, or counsel for Defendant, and the date
4 of that service. Any paper received by the Court which has not been properly filed with
5 the Clerk, or which fails to include a Certificate of Service, may be disregarded.

6 **IT IS SO ORDERED.**

7 Dated: October 3, 2016

8 Hon. Janis L. Sammartino
United States District Judge

6

16cv1735-JLS (PCL)